LMB/lmb

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. <u>00-6211-CR-HURLEY(s)</u>
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(d)(1)
21 U.S.C. § 841(d)(2)
21 U.S.C. § 846
21 U.S.C. § 853
18 U.S.C. § 2



| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THOMAS L. NAROG, | ) |
| GHANDI JABER, | ) |
| AHMAD ALMASRI, | ) |
| NADIA ALMASRI, | ) |
| SABER ABDELMUTI, | ) |
| RAED NASER ALDIN, | ) |
| NABIL AQUIL, | ) |
| NIZAR FNEICHE, | ) |
| MOTLAQ JABER, | ) |
| TEREK ZAKI ABU-LAWI, | ) |
| RABAH EL HADDAD, | ) |
| ZUHAIR MAHUMUD RABEI, | ) |
| and | ) |
| MOHAMMED SAMHAN, | ) |
| | ) |
| Defendants. | ) |



REDACTED



FILED by ____ D.C.

MAR 1 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

REDACTED
<u>SUPERSEDING INDICTMENT</u>

The Grand Jury charges that:

### COUNT 1

From in or about September 1999, the exact date being unknown to the Grand Jury, to on or about July 29, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

      THOMAS L. NAROG,
       GHANDI JABER,
       AHMAD ALMASRI,
       NADIA ALMASRI,
      SABER ABDELMUTI,
      RAED NASER ALDIN
       NABIL AQUIL,
       NIZAR FNEICHE,
       MOTLAQ JABER,
    TEREK ZAKI ABU-LAWI,
      RABAH EL HADDAD
    ZUHAIR MAHUMUD RABEI,
         and
     MOHAMMED SAMHAN,

did knowingly and intentionally combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury, to possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2); all in violation of Title 21, United States Code, Section 846.

### COUNT 2

From in or about September 1999, the exact date being unknown to the Grand Jury, to on or about July 29, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

      THOMAS L. NAROG,
      RABAH EL HADDAD,
         and
     MOHAMMED SAMHAN,

did knowingly and intentionally combine, conspire, confederate and

2

agree with each other and with persons known and unknown to the Grand Jury, to manufacture at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

### COUNT 3

From on or about January 6, 2000, through on or about January 15, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

THOMAS L. NAROG,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

### COUNT 4

From on or about January 28, 2000, through on or about February 20, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

THOMAS L. NAROG,

did knowingly and intentionally possess pseudoephedrine, a list I

3

chemical as defined in Title 21, United States Code, Section 802, with intent to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(1), and Title 18, United States Code, Section 2.

## COUNT 5

On or about March 7, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

THOMAS L. NAROG,

did knowingly and intentionally possess pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, with intent to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(1), and Title 18, United States Code, Section 2.

## COUNT 6

On or about March 27, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
GHANDI JABER,
MOTLAQ JABER,
and
TEREK ZAKI ABU-LAWI,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to

4

believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

### COUNT 7

From on or about November 11, 1999, through on or about March 30, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,

did knowingly and intentionally possess pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, with intent to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(1), and Title 18, United States Code, Section 2.

### COUNT 8

On or about April 4, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
GHANDI JABER,
and
MOTLAQ JABER,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to

5

believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

## COUNT 9

From on or about January 28, 2000, through on or about April 25, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

THOMAS L. NAROG,

did knowingly and intentionally possess pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, with intent to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(1), and Title 18, United States Code, Section 2.

## COUNT 10

On or about April 27, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
GHANDI JABER,
AHMAD ALMASRI,
NADIA ALMASRI,
SABER ABDELMUTI,
and
ZUHAIR MAHUMUD RABEI,

did knowingly and intentionally possess and distribute

6

pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

### COUNT 11

On or about June 1, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

> THOMAS L. NAROG,
> GHANDI JABER,
> MOTLAQ JABER,
> RAED NASER ALDIN,
> NABIL AQUIL,
> NIZAR FNEICHE,
> RABAH EL HADDAD,
> and
> MOHAMMAD SAMHAN,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

Scanned Image - 0:00CR6211 Document 273 page 7 Thu Dec 20 07:54:46 2001

COUNT 12

On or about June 15, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
RABAH EL HADDAD,
and
MOHAMMAD SAMHAN,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

COUNT 13

On or about June 20, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

THOMAS L. NAROG,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code,

Scanned Image - 0:00CR6211 Document 273 page 8 Thu Dec 20 07:54:46 2001

Section 2.

### COUNT 14

On or about July 21, 2000, until on or about July 29, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

> THOMAS L. NAROG,
> RABAH EL HADDAD,
> and
> MOHAMMAD SAMHAN,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

10

Scanned Image - 0:00CR6211 Document 273 page 10 Thu Dec 20 07:54:46 2001

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY