IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case Number 00-6211-CR-DTKH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | *DEFENDANT NABIL AQUIL'S MEMORANDUM OF LAW WITH RESPECT TO JURY NOTE NO. 3* |
| NABIL AQUIL, ) | |
| Defendant. ) | |



NOW COMES the Defendant, NABIL AQUIL, by and through his attorneys, LAW OFFICES OF PAUL GOODMAN, and for his memorandum of law with respect to Jury Note No. 3 states as follows:

Aquil is currently charged with the following two offenses in a multi-count, multi-defendant indictment:

    a.    Count I: 21 U.S.C. §§841(c)(2) and 846 (conspiracy to possess pseudophedrine knowing or having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, "that is, methamphetamine"); and

    b.    Count 11: 21 U.S.C. §841(c)(2) (possession of pseudophedrine knowing or having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, "that is, methamphetamine").

At issue is the Jury's question which asks, in essence, whether the Government must prove that the Defendants knew or had reasonable cause to believe the pseudophedrine would be used to manufacture methamphetamine or whether the Government need only prove that the Defendants knew or had reasonable cause to believe the pseudophedrine would be used to manufacture any controlled substance.

The Government and all Defendants agree that as set forth in the relevant statutes, the Government need only prove any controlled substance. Complicating matters, however, is that the Superceding Indictment ("the Indictment") contains the limiting language "that is, methamphetamine." The issue, therefore, is which controls: the broader language of the statute controls or the narrower language of the Indictment. As the following shall establish, as a matter of law, the Government must be put to the proof of the charges as set forth in the Indictment, to wit, proving the Defendants knew or had reasonable cause to believe the pseudophedrine would be used to manufacture specifically methamphetamine.

The Fifth Amendment guarantees that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." *United States v. Baker*, 227 F.3d 955, 960 (11th Cir. 2000), quoting U.S. Const. Amend. V. It follows that a grand jury must frame felony charges and a defendant tried for a felony only on charges the grand jury approved, as it approved them, and no others. *United States v. Leichtnam*, 948 F.2d 370, 375 (7th Cir. 1991). It is a grand jury's exclusive prerogative to finally determine charges, and once it has done so, neither a prosecutor nor a judge can "change the charging part of the indictment to suit [his or her] own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes." *Leichtnam*, 948 F.2d at 375-376, quoting *Ex parte Bain*, 121 U.S. 1, 10, 7 S.Ct. 781, 786 (1887). If an indictment could be so lightly departed, then "the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime,... and without which the Constitution says 'no person shall be held to answer,' [might] be frittered away until its value is almost destroyed..." *Leichtnam*, 948 F.2d at 376, quoting *Ex parte Bain*, 121 U.S. 1, 10, 7 S.Ct. 781, 786 (1887).

The Fifth Amendment requires that proof and jury instructions must be for crimes which are "clearly and fully set out in the indictment" as returned by the grand jury. *Leichtnam*, 948 F.2d at 379, quoting *United States v. Miller*, 471 U.S. 130, 136, 105 S.Ct. 1811, 1815 (1985). The possible bases for conviction are limited to those which were contained in the indictment. *Leichtnam*, 948 F.2d at 379. The settled rule, therefore, is that an indictment may not be "amended except by resubmission to the grand jury." *Leichtnam*, 948 F.2d at 376, quoting *Russell v. United States*, 369 U.S. 749, 770, 82 S.Ct. 1038, 1050 (1962). New bases for conviction may not be added to indictment without resubmitting same to the grand jury, regardless whether the new bases are added literally – such as by formal amendment – or constructively – such as by proof at trial of a crime not clearly and fully charged or by instructions to the trial jury which would allow a conviction on grounds not charged by the grand jury. *Leichtnam*, 948 F.2d at 379. *See also Baker*, 227 F.3d at 960.

An exception to this rule, however, is where the evidence or the charges submitted to the trial jury are simply a more limited version of the charges in the indictment. *Leichtnam*, 948 F.2d at 376. An indictment may be narrowed, either constructively or in fact, without resubmitting to the grand jury. *Leichtnam*, 948 F.2d at 376. A conviction will not ordinarily be upset because the proof at trial or the jury instructions cover fewer offenses than the indictment charged or only narrower or "lesser included" offenses – at least not without specific evidence that any departure from the strict terms of the indictment either surprised the defendant and prejudiced his or her defense or created a risk of double jeopardy. *Leichtnam*, 948 F.2d at 377. A corollary to this exception is that although an indictment may be *narrowed*, so that the trial jury deliberates on fewer offenses than the grand jury charged, it may not be *broadened*, so as to present the trial jury with more or different offenses than

the grand jury charged. Any "broadening [of] the possible bases for conviction from that which appeared in the indictment" is fatal. *Leichtnam*, 948 F.2d at 376, citing *Miller*, 471 U.S. at 138, 105 S.Ct. at 1816. Doing so is reversible *per se*. *Leichtnam*, 948 F.2d at 376, citing *Miller*, 471 U.S. at 138, 105 S.Ct. at 1816.[1]

Applying the forgoing, the *Leichtnam* court held that any limitation of a charge included in an indictment which follows the words "to wit" becomes an essential element of the charge. *Leichtnam*, 948 F.2d at 377-378.[2] *See also Baker*, 227 F.3d at 960, quoting *United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir. 1994) ("'To wit' is an expression of limitation which, as our cases indicate, makes what follows an essential part of he charged offense."). In *Leichtnam*, the indictment charged that the defendant "did knowingly use and carry a firearm, to wit: a Mossberg rifle, Model 250CA with no serial number, during and in relation to...drug trafficking." At trial, the government introduced the Mossberg rifle as well as two handguns not mentioned in the indictment. The trial court instructed the jury that the firearm charge hinged on proof simply that the defendant had "intentionally used or carried a firearm," not specifically limited to the Mosberg rifle.

---

[1] In one case, however, the Second Circuit Court of Appeals held that although the indictment specified heroin, an instruction telling the jury "that it is of no legal significance" if "you find that the substance was not heroin but was cocaine" was not an impermissible amendment. *United States v. Knuckles*, 581 F.2d 305 (2nd Cir. 1978). Nevertheless, this case may be distinguished as the Appellate Court noted that the defense, not the prosecution, introduced the evidence of cocaine and there was no prejudice from the trial court's instruction.

[2] The Indictment in this case does not use the words "to wit" but, instead, states that the Defendants knew or had reasonable cause to believe the pseudophedrine would be used to manufacture a controlled substance, "that is" methamphetamine. Black's Law Dictionary defines "to wit" to mean "That is to say; namely". *Black's Law Dictionary*, p. 1498 (7th Ed.). Consequently, the term "that is" is the functional equivalent, if not the exact same thing, as the term "to wit".

The Appellate Court overturned the conviction based upon the defendant's Fifth Amendment right to be tried only on the charges contained in the indictment:[3]

> Obviously, the government could easily have drawn up [the defendant's] indictment to charge him simply with having used or carried "a firearm." But it did not do so, and the description it gave of e gun in the indictment, "to wit a Mossberg rifle, Model 250CA with no serial number," was not merely surplusage. That is true as a matter of law. By the way the government chose to frame [the defendant's] indictment, it made the Mossberg an essential part of the charge and limited the bases for possible conviction to the Mossberg.
>
> . . . . . . . . . .
>
> As presented to and returned by the grand jury, the indictment specified a single, narrow basis for conviction on [the firearm charge]...But the charge to the jury was not limited to the Mossberg. It merely referred to "a" firearm, and there is no way now of knowing if the jury convicted [the defendant] of using or carrying the Mossberg or the handguns or all of the them. The introduction of the handguns, together with the jury instructions, impermissibly amended the indictment – by broadening the possible bases for conviction to include knowingly using or carrying *any* firearm. That was clear error, and [the defendant's] firearm conviction...must be reversed.

*Leichtnam*, 948 F.2d at 379-380 (footnote omitted).[4]

---

[3]The Appellate Court overturned the conviction notwithstanding that the defendant did not object to the introduction of the guns or otherwise object to the jury instructions or propose instructions of his own. Had the defendant done so, the Appellate Court noted that "the district judge might well have acted to avoid any error." As distinguished from *Leichtnam*, Aquil did propose jury instructions which might have addressed the Jury's question in advance of deliberation.

[4]The Eleventh Circuit adopted the holding, and therefor by inference the reasoning, articulated in *Leichtnam* in the case of *United States v. Cancelliere*, 69 F.3d 1116, 1121-1122 (11th Cir. 1995). For example, the *Cancelliere* Appellate Court noted that "[a] jury instruction that constructively amends a grand jury indictment constitutes *per se* reversible error became such an instruction violates a defendant's constitutional right to be tried on only those charges presented in a grand jury indictment and creates the possibility that the defendant may have been convicted on grounds not alleged in the indictment." *Cancelliere*, 69 F.3d at 1121, citing *Sirone v. United States*, 361 U.S. 212, 217-218, 80 S.Ct. 270, 273-274 (1960).

In *Willoughby*, the defendant was charged with the use of a firearm "during and in relation to a drug trafficking crime, to wit: the distribution of cocaine..." The Appellate Court held even if a charge would have been adequate without identifying by name a particular drug, the government narrowed the legitimate scope of the weapons charge to the defendant's use of a firearm in connection with the distribution of cocaine, not the mere possession with intent to distribute cocaine or "drug trafficking" generally. Consequently, the Appellate Court stated that a conviction relying upon a link between the gun and "drug trafficking" generally would constitute an impermissible broadening of the indictment because its basis was necessarily excluded from the charge as phrased in the indictment.

The *Leichtnam* and *Willoughby* cases are directly on point. By charging the Defendants in the indictment with possession of pseudophedrine knowing or having reasonable cause to believe it would be used to manufacture a controlled substance, "that is, methamphetamine", the Government has consciously chosen to limit, or narrow, the scope of the charge specifically to methamphetamine, not generally to any controlled substance. Not only is this also consistent with the evidence presented by both the prosecution and defense at trial, each and every Defendant based its defense, including strategic decisions such as the nature of that defense and the scope of cross-examination of certain witnesses, on this limitation set forth in the Indictment. To broaden the scope of the Indictment at this state of the proceedings, while the Jury is deliberating, constitutes an impermissible constructive amendment of the Indictment which would be reversible *per se*.

Further, there are inherent dangers in broadening the charges in the Indictment by allowing any controlled substance to be proved where there has been no other controlled substance referenced in the evidence adduced during the trial. If the Jury is allowed to consider any controlled substance, and

not just methamphetamine, without specifically defining what a controlled substance is, the Jury may find that any substance they perceive to be controlled, whether that substance is in fact controlled, would satisfy the charges under 21 U.S.C. §§841(d)(2) and 846.

This point is best illustrated by an example. Assume five of the Defendants did enter into a conspiracy and did thereby possess pseudophedrine *knowing* that it would be used to manufacture methamphetamine. The sixth Defendant, however, *believes* that the pseudophedrine will be used to make some other unlawful substance which, albeit unlawful, is *not* controlled. Such a belief may even be noble, such as if the Defendant believed the pseudophedrine would be used to manufacture a treatment for AIDS not yet approved by the FDA. In such a case, the Jury may very well convict the sixth Defendant based upon *their* belief that the unlawful substance is controlled when, in fact, it is not. Moreover, the Jury might well convict the sixth Defendant of conspiracy even though there obviously is no agreement which would satisfy the elements of the crime.

For all the foregoing reasons, the Government must be required to prove, as set forth in the Indictment, that the Defendants knew or had reasonable cause to believe the pseudphedrine would be used to manufacture specifically methamphetamine.

Dated: March 14, 2002

Respectfully submitted,

Paul Goodman
Law Offices of Paul Goodman
Attorneys for the Defendant Nabil Aquil
33 North Dearborn Street - Suite 1015
Chicago, Illinois 60602-3105
Telephone Number: 312-236-3060