## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number 00-6211 - CR - DTKH

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
vs.                            )   *DEFENDANT NABIL AQUIL'S*
                               )   *PROPOSED JURY INSTRUCTIONS*
NABIL AQUIL,                   )
                               )
            Defendant.         )
_____)


NOW COMES the Defendant, NABIL AQUIL, by and through his attorneys, LAW OFFICES

OF PAUL GOODMAN, and hereby presents certain proposed jury instructions, as attached hereto,

that he respectfully requests this Honorable Court adopt.

Dated: March 5, 2002

                              Respectfully submitted,


                              Paul Goodman
                              Law Offices of Paul Goodman
                              Attorneys for the Defendant Nabil Aquil
                              33 North Dearborn Street - Suite 1015
                              Chicago, Illinois 60602-3105
                              Telephone Number: 312-236-3060



Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions – what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts to find each Defendant guilty of the crime charged in the Indictment.

Accepted: _____

Denied: _____

Modified: _____

**Duty to Follow Instructions: Presumption of Innocence**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendants or the Government.

You must also follow the law as I explain it to you, whether you agree with that law or not; and you just follow all of my instructions as a whole. You may not single out, or disregard, anyo f the Court's instructions on the law.

The Indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you must not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find that Defendant not guilty.

Accepted: _____

Denied: _____

Modified: _____

**Reasonable Doubt**

Thus, while the Government's burden of proof is strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

Accepted:    _____

Denied:    _____

Modified:    _____

## Consideration of the Evidence

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything that I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything that I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Accepted:    _____

Denied:    _____

Modified:    _____

**Credibility of Witness**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making your decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress ou as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Accepted:    _____

Denied:    _____

Modified:    _____

### Impeachment of Witnesses

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth or he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that depend on whether it has to do with an important fact or with only an unimportant detail.

Accepted:      _____

Denied:        _____

Modified:      _____

## Caution Regarding Certain Witnesses

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. In this case, the Government called witnesses with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise have been exposed to. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.

However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses. And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilty of any person.

Accepted:    _____

Denied:    _____

Modified:    _____

## Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Accepted:    _____

Denied:    _____

Modified:    _____

**Habit, Custom, Routine Practice, Character Trait**

Evidence of the habit, custom, routine practice and character trait of Defendant Samhan for assisting others has been admitted.

This evidence has been admitted to establish that the conduct of a person was in conformity with the habit, custom, routine practice or character trait, as opposed to an unlawful purpose.

If you find that the habit, custom, routing practice and character trait was the sole reason for Defendant's Samhan's conduct, you must find him not guilty.

Defendant Samhan's proposed jury instruction based upon:
        Fed. R. Civ. P. 404(a)(1)
        Fed. R. Civ. P. 406
        *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519 (11th Cir. 1985)
        (as modified)

Accepted:        _____

Denied:        _____

Modified:        _____

## Charges in this Case

At this time, I will explain the indictment which charges <u>fourteen</u> separate offenses called "counts". I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count 1 charges that each Defendant knowingly and intentionally conspired to possess the listed chemical known as pseudophedrine knowing or having reasonable cause to believe that the chemical would be used to manufacture the controlled substance methamphetamine. Count 2 charges that Defendants Thomas Narog, Rabah El Haddad and Mohammed Samhan knowingly and intentionally conspired to manufacture at least 50 grams of methamphetamine.

Counts 3 through 14 charge the commission of what are referred to as substantive offenses.

Count 3 charges that Defendant Thomas Narog on a certain date knowingly and intentionally possessed and distributed pseudophedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine.

Counts 4, 5, 7 and 9 charge that Defendant Thomas Narog on a certain date knowingly and intentionally possessed pseudophedrine with the intent to manufacture methamphetamine.

Counts 6, 8, 10 and 13 charge that Defendant Thomas Narog and others on a certain date knowingly and intentionally possessed and distributed pseudophedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine

Count 11 charges that each of the Defendants, as well as others, on a certain date knowingly and intentionally possessed and distributed pseudophedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine.

Counts 12 and 14 charge that Defendants Thomas Narog, Rabah El Haddad and Mohammed Samhan on a certain date knowingly and intentionally possessed and distributed pseudophedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine.

I will explain the law governing the substantive offenses in a moment. First, however, as to Counts 1 and 2, you will note that the Defendants are not charged in those counts with committing a substantive offense; rather, they are charged with having conspired to do so.

Court's Instruction (modified)


Accepted:      _____

Denied:        _____

Modified:      _____

## Counts 1 and 2
## Conspiracy
## Definition, Elements and Consideration of the Evidence

Federal law makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of the law. So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member. Federal law makes it a crime for anyone to manufacture a controlled substance, such as methamphetamine. Another federal law makes it a crime for anyone to possess a listed chemical with knowledge or reasonable cause to believe it will be used to manufacture a controlled substance.

Accordingly, with respect to Count I, the evidence in this case must show the following beyond a reasonable doubt:

First:      That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, specifically, to knowingly and intentionally possess and distribute pseudophedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine; and

Second:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it.

To find that a Defendant willfully joined in the conspiratorial plan charged in Count 1, you must find that this particular Defendant had actual knowledge that the listed chemical would be used to manufacture methamphetamine or that this particular Defendant had reasonable cause to believe that the listed chemical would be used to manufacture methamphetamine.

Further, with respect to Count II, the evidence in this case must show the following beyond a reasonable doubt:

First:      That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, specifically, to manufacture at least 50 grams of methamphetamine; and

Second:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it.

To find that a Defendant willfully joined in the conspiratorial plan charged in Count 2, you must find that this particular Defendant intended to manufacture methamphetamine.

In order to establish a conspiracy offense, it is not necessary for the Government to prove that all of the people named in the Indictment were members of the scheme, or that those who were

members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict the Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor role.

Nonetheless, the Government must prove, beyond a reasonable doubt, that there existed a conspiratorial agreement. An agreement is the essential element of the crime of conspiracy. Even though the government need not present proof of a formal agreement, the Government must still prove a meeting of the minds to commit an unlawful act.

Not only must the government prove a conspiratorial agreement, the government must also prove beyond a reasonable doubt that the defendant had knowledge of the conspiracy and the conspiracy's unlawful objective and that the defendant deliberately, knowingly and with specific intent joined or associated himself with the unlawful objective of the conspiracy. The government must also prove beyond a reasonable doubt that the defendant voluntarily participated in the conspiracy.

Evidence that a Defendant knows that a conspiracy existed does not itself establish that he joined the conspiracy. Knowing of a conspiracy differs from joining a conspiracy. It is also insufficient that a Defendant merely approved of the conspiracy or associated himself with conspirators. Nor is it sufficient that a Defendant had a close, personal relationship with conspirators or that a Defendant assembled with conspirators and discussed common aims and interests.

Further, evidence that a Defendant was merely present at the scene of a crime or merely knew that a crime is being committed or is about to be committed is not sufficient to find that Defendant was part of a conspiracy or committed the crime. In order to find a Defendant guilty of the crime, the Government must prove, beyond a reasonable doubt, that in addition to being present or knowing about the crimes charged in the Indictment, that Defendant knew and willfully associated himself with the crime charged in some way as a participant – someone who wanted the crime to be committed – and not as a mere spectator.

Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

Conspiracy requires more than suspicion, more than knowledge, acquiescence, carelessness, indifference or lack of concern. Rather, conspiracy requires that there be informed, interested cooperation, stimulation, instigation and a stake in the venture.

Once the government establishes the existence of the underlying conspiracy, it only needs to come forward with slight evidence to connect a particular defendant to the conspiracy. However,

to say "slight evidence" does not mean to suggest that a defendant can be found guilty by less than evidence of guilt beyond a reasonable doubt on every element of the offense. The phrase "slight evidence" refers only to the extent of a defendant's connection to the conspiracy or to the other conspirators. The government must still demonstrate with substantial proof that there was, in fact, some connection between the defendant and the conspiracy.

Finally, to prove conspiracy, the government need not present evidence to exclude every reasonable hypothesis of innocence. However, a conspiracy conviction cannot be predicated on conjecture. Where the government's case is based on circumstantial evidence, a finding of guilty must be supported by reasonable inferences and not mere speculation.

Court's Instruction as modified based upon:

P.I. 16.09

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979)

*Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284 (1975)

*Direct Sales v. United States*, 319 U.S. 703, 63 S.Ct. 1265 (1943)

*United States v. McDowell*, 250 F.3d 1354 (11th Cir. 2001)

*United States v. Diaz*, 248 F.3d 1065 (11th Cir. 2001)

*United States v. Saffo*, 227 F.3d 1260 (10th Cir. 2000)

*United States v. El-Hajjaoui*, 227 F.3d 1274 (10th Cir. 2000)

*United States v. Torres-Ramirez*, 213 F.3d 978 (7th Cir. 2000)

*United States v. Calderon*, 169 F.3d 718 (11th Cir. 1999)

*United States v. Adkinson*, 158 F.3d 1147 (11th Cir. 1998)

*United States v. Toler*, 144 F.3d 1423 (11th Cir. 1998)

*United States v. Morgano*, 39 F.3d 1358 (7th Cir. 1994)

*United States v. Perez-Tosta*, 36 F.3d 1552 (11th Cir. 1994)

*United States v. Harris*, 20 F.3d 445 (11th Cir. 1994)

*United States v. Hardy*, 895 F.2d 1331 (11th Cir. 1990)

*United States v. Mollier*, 853 F.3d 1169 (5th Cir. 1988)

*United States v. Cole*, 755 F.2d 748, 755 (11th Cir. 1985)

Accepted:    _____

Denied:    _____

Modified:    _____

**Counts 3, 6, 8, 10, 11, 12, 13 and 14**
**Knowingly and Intentionally Possessing and Distributing a Listed Chemical**
**Knowing or Having Reasonable Cause to Believe That the**
**Listed Chemical Would Be Used to Manufacture a Controlled Substance**

It is a Federal Crime or offense for anyone to possess or distribute a listed chemical knowing or having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance. Various Defendants are charged in the Indictment of knowingly and intentionally possessing and distributing pseudophedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine. Methamphetamine is a "controlled substance" within the meaning of the law. The term "list 1 chemical" means a chemical specified by regulation of the Attorney General as a chemical that is used in manufacturing a controlled substance and is important to the manufacture of the controlled substance. Pseudophedrine is a list I chemical.

Defendant Thomas Narog is charged with this crime in Counts 3, 6, 8, 10, 11, 12, 13 and 14 of the Indictment. Defendants Rabah El Haddad and Mohammed Samhan are charged with this crime in Counts 11, 12 and 14 of the Indictment. Each of the remaining Defendants are charged with this crime in Count 11 of the Indictment.

A Defendant can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

First:    The Defendant knowingly and willfully possessed or distributed pseudophedrine as charged; and

Second:   The Defendant knew or had reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance.

"Distribute" means the transfer of possession to another person, with or without financial interest in the transaction.

To have "reasonable cause to believe" that the listed chemical would be used to manufacture a controlled substance means to have knowledge of facts which, although not amounting to direct knowledge, would cause a reasonable person, knowing the same things, to reasonably conclude that the listed chemical would be used to manufacture a controlled substance.

Court's Instruction (modified)


Accepted:    _____

Denied:    _____

Modified:    _____

**Counts 4, 5, 7 and 9**
**Possession of Listed Chemical With**
**Intent to Manufacture Controlled Substance**


Defendant Thomas Narog is charged in Counts 4, 5, 7 and 9 of the Indictment with possession of pseudophedrine with intent to manufacture methamphetamine. It is a Federal crime or offense for anyone to possess a listed chemical with the intent to manufacture a controlled substance. Methamphetamine is a "controlled substance" within the meaning of the law. The term "list I chemical" means a chemical specified by regulation of the Attorney General as a chemical that is used in manufacturing a controlled substance and is important to the manufacture of the controlled substance. Pseudophedrine is a list I chemical.

Defendant Thomas Narog can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First:</u>    The Defendant knowingly and willfully possessed or distributed pseudophedrine as charged; and

<u>Second:</u>    The Defendant possessed the listed chemical with the intent to manufacture a controlled substance.


Court's Instruction (modified)


Accepted:    _____

Denied:    _____

Modified:    _____

## Three Methods to Prove a Substantive Offense

The law permits the Government to prove a Defendant's guilt of a substantive crime by three different methods. The first method is by proving beyond a reasonable doubt that the Defendant committed the offense as a principal (i.e., that the Defendant himself committed all the elements of the crime). The second method is by proving beyond a reasonable doubt that the Defendant aided and abetted another in the commission of the crime. The third method by which the Government may prove the commission of the crime is by showing beyond a reasonable doubt that the Defendant was a co-conspirator. No matter which of these three methods – or combination of these three methods – the Government employs, it must still show that all of the elements of the particular crime have been met beyond reasonable doubt. I will now explain each of three methods in further detail.

### (1) The Law of Principal Liability

The first method simply requires the Government to show beyond a reasonable doubt that the particular Defendant personally committed the crime.

### (2) the Law of Aiding and Abetting

The second method allows the guilt of a Defendant in a criminal case to be proved without evidence that he personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort. The law refers to this concept as "aiding and abetting" a crime.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds that Defendant responsible for the conduct of that other person just as though the Defendant had engaged in such conduct himself.

Notice, however, that before any Defendant can be held criminally responsible for the conduct of others, it is necessary that the Defendant willfully associate himself in some way with the crime, and willfully participate in it. In other words, to convict a Defendant under the theory of aiding and abetting, the Government must prove the following beyond a reasonable doubt:

First:   a substantive offense was committed;

Second:   the Defendant willfully associated himself with the criminal venture; and

Third:   the Defendant willfully did some act which furthered the criminal venture.

Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

### (3) The Law of Co-Conspirator Liability

Now let me turn to the third concept of liability – what is called co-conspirator liability. This liability is based on the legal rule that all members of a conspiracy are responsible for the acts committed by the other members, as long as those acts were committed to help advance the conspiracy and are reasonably foreseeable within the scope of the agreement.

In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

To use this legal principal to find anyone of the Defendants guilty of knowingly and intentionally possessing or distributing a listed chemical knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

First: The Defendant named in the substantive count of knowingly and intentionally possessing or distributing a listed chemical knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance was a member of a conspiracy charged in Count 1 of the Indictment; and

Second: After the Defendant joined the conspiracy, and while he was still a member of it, one or more of the other members committed the substantive crime of knowingly and intentionally possessing or distributing a listed chemical knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance; and

Third: The substantive crime was committed to advance the conspiracy; and

Fourth: The substantive crime was reasonably within the scope of the conspiracy; and

Fifth: The crime was reasonably foreseeable to the Defendant as being necessary or a natural consequence of the conspiracy.

To establish these elements, the Government does not have to prove that each Defendant specifically agreed or knew that the particular crime would be committed. However, the Government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. No Defendant is responsible for the acts of others which go beyond the fair scope of the agreement as the Defendant understood it.

Court's Instruction (modified)

Accepted:      _____

Denied:      _____

Modified:      _____

## Multiple Conspiracies

You are instructed, with regard to each of the conspiracy offenses alleged in the Indictment, that proof of other conspiracies is not proof of the particular conspiracy charged in a given count unless one of the several conspiracies which is proved is the conspiracy which the Indictment charges.

What you must do is determine whether each conspiracy charged in the Indictment existed between to or more conspirators. If you find that no such conspiracy existed, then you cannot find the Defendant guilty of that particular count. However, if you decide that such a conspiracy did exist, you must then determine who the members were; and, if you should find that the Defendant was a member of some other conspiracy, not the one charged in that particular count of the Indictment, then you may not convict the Defendant on that count.

In other words, to find a Defendant guilty of a conspiracy count, you must unanimously find that he was a member of the particular conspiracy charged in the Indictment and not a member of some other separate conspiracy.

Court's Instruction

Accepted:      _____

Denied:      _____

Modified:      _____

## Possession

The law recognizes several kinds of possession. A person can have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions, it includes constructive as well as actual possession, and also joint as well as sole possession.

Generally, the Government may prove constructive possession if it shows a Defendant maintained dominion or control over the contraband or over the vehicles or premises where the contraband was located. Exclusive possession of a vehicle or premises supports an inference of constructive possession whereas joint occupancy of a premises cannot sustain such an inference. To prove constructive possession when there is joint occupancy of premises, the Government must present direct or circumstantial evidence to show some connection or nexus individually linking the Defendant to the item allegedly possessed. Evidence of presence and proximity to the item are alone inadequate to support a conviction for possession.

Court's Instruction as modified based upon:
United States v. Valadez-Gallegos, 162 F.3d 1256, 1262 (10th Cir. 1998)
United States v. Taylor, 113 F.3d 1136, 1144 (10th Cir. 1997)
United States v. Harris, 20 F.3d 445 (11th Cir. 1994)
United States v. Mergerson, 4 F.3d 337, 349 (5th Cir.),
        cert. denied 510 U.S. 1198, 114 S.Ct. 1310 (1994)

Accepted:      _____

Denied:        _____

Modified:      _____

**On or about; Knowingly**

You will note that the Indictment charges that offenses were committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly", as the term is used in the Indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Court's Instruction (modified)

Accepted:    _____

Denied:    _____

Modified:    _____

**Caution – Punishment**

A separate crime or offense is charged against one or more of the Defendants in each count of the Indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find anyone or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offense alleged in the Indictment.

Also, the question of punishment should never be considered by the Jury in any way in deciding a case. If a Defendant is convicted, the matter of punishment is for the Judge alone to determine later.

Court's Instruction

Accepted: _____

Denied: _____

Modified: _____

**Duty to Deliberate**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the Jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you are wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.


Court's Instruction


Accepted:        _____

Denied:          _____

Modified:        _____

**Verdict**

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Marshal who will bring it to me attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question that you might send, that you should not tell me your numerical division at the time.

Court's Instruction

Accepted:      _____

Denied:         _____

Modified:      _____